UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LOUIS ANTHONY WITCHEY, <u>ET AL.</u>, | : : : | CIVIL ACTION NO. 3:16-CV-2312 |
| Plaintiffs | : : | (Judge Nealon) |
| v. | : : | |
| FIRST GOLD BUYERS, INC. d/b/a SIGNATURE FUNDING, | : : : | |
| Defendant | : | |

## **MEMORANDUM**

On October 13, 2016, Plaintiffs, Louis Anthony Witchey; Dana Lee Witchey; Witchey Enterprises, Inc. ("Witchey Enterprises"); and LDW, Inc. ("LDW") (collectively "Plaintiffs"); filed a complaint against Defendant, First Gold Buyers, Inc. d/b/a Signature Funding ("First Gold Buyers"), in the Court of Common Pleas of Luzerne County, Pennsylvania. (Doc. 1). The complaint was served upon First Gold Buyers on October 20, 2016. (<u>Id.</u> at p. 2). On November 18, 2016, First Gold Buyers removed the action to this Court. (<u>Id.</u>). On December 6, 2016, Plaintiffs filed an answer to the petition for removal and a motion to remand. (Doc. 3). On December 20, 2016, Plaintiffs filed a brief in support of their motion to remand. (Doc. 6). On January 3, 2017, First Gold Buyers filed a brief in opposition to Plaintiffs' motion to remand. (Doc. 9). On January 16, 2017, Plaintiffs filed a reply. (Doc. 10). On January 24, 2017, First Gold Buyers

filed a surreply, which was accepted as filed on January 31, 2017. (Docs. 11-1, 13, 14). Plaintiffs were granted leave to file a response to First Gold Buyers' surreply on or before February 14, 2017. (Doc. 13). To date, Plaintiffs have not filed a response to First Gold Buyers' surreply, and the deadline for such has passed. Therefore, Plaintiffs' motion to remand is ripe for disposition. For the reasons stated below, Plaintiffs' motion to remand will be denied.[1]

## I.   BACKGROUND

Plaintiffs allege that "this is an action for rescission of illegal and void Notes, Personal Guarantees, Security Agreements and Powers of Attorney." (Doc. 1-2, p. 7). According to Plaintiffs, "[t]he purported Notes, Personal Guarantees, Security Agreements and Powers of Attorney are the product of actions taken by [First Gold Buyers] that contain unfair trade practices and predatory lending practices." (Id.). In particular, on September 1, 2005, Plaintiffs allege that they

---

[1] The Court notes that on November 23, 2016, First Gold Buyers filed a motion to dismiss. (Doc. 2). On December 6, 2016, in addition to filing the motion to remand presently at issue, Plaintiffs also filed a motion to stay the briefing deadlines associated with First Gold Buyers' motion to dismiss. (Doc. 4). On December 21, 2016, Plaintiffs' motion to stay was granted to the extent it sought to extend Plaintiffs' deadlines to file a brief in opposition to First Gold Buyers' motion to dismiss. (Doc. 8). As a result, the Court would allow, if necessary, Plaintiffs to file a brief in opposition to First Gold Buyers' motion to dismiss after disposition of the motion to remand. (Id.). As discussed in more detail below, the stay entered by the Court on December 21, 2016, will be lifted because Plaintiffs' motion to remand will be denied.

"purported to execute a contract, Notes, Personal Guarantees, Security Agreements and Powers of Attorney" with First Gold Buyers. (Doc. 1-2, p. 7). Plaintiffs claim that "[t]he said purported contract, Notes, Personal Guarantees, Security Agreements and Powers of Attorney were never consummated by signing all documents therein." (Id.). Further, "[e]ither before, during and/or after the settlement," First Gold Buyers allegedly "failed and/or refused to provide the individual Defendants (sic) with copies of important documents, which would explain their consumer rights, as well as other rights, including but not limited to, the right to cancel the contract and the Federal Truth in Lending Disclosures." (Id.). Plaintiffs' allege that First Gold Buyers "also intentionally failed and/or refused to provide the individual Plaintiffs with various disclosures that would indicate to individual Plaintiffs that the contract entered into was void and illegal." (Id. at p. 8). Specifically, First Gold Buyers allegedly "failed to disclose that the loan obtained had an interest rate higher than stated and in the preliminary disclosures, which preliminary disclosures were never given." (Id.). According to Plaintiffs, First Gold Buyers also "caused to be filed into the records of the State of New York a Summons with no documents purported to be executed by the Plaintiffs." (Id.).

Additionally, Plaintiffs claim that First Gold Buyers "and/or settlement

officer did not furnish the individual Plaintiffs with copies of numerous important settlement documents, at any time in the loans history." (Doc. 1-2, p. 8). Plaintiffs allege that First Gold Buyers "never during the duration of the entire purported loans history delivered upon the Plaintiffs a Notice of Default and Right to cure, with the entire accounting to show where the amounts owed were derived from." (Id.). Also, "during the duration of the entire purported loans history," First Gold Buyers allegedly "never . . . delivered upon the Plaintiffs an acceleration statement, accelerating the purported loan." (Id.). Further, Plaintiffs claim that First Gold Buyers "herein and at all times relevant thereto, was under legal obligation as a fiduciary and had the responsibility of overseeing the purported loan consummation and make sure that the individual Plaintiffs received all mandated documentation, before and after the purported transaction." (Id.).

## II. STANDARD OF REVIEW

"Under 28 U.S.C. § 1441(a), defendants may remove a civil action filed in state court if the federal court would have had original jurisdiction over the action." King v. Mansfield Univ., of Pa., 2015 U.S. Dist. LEXIS 102137, at *5 (M.D. Pa. Aug. 5, 2015) (Rambo, J.) (citing 28 U.S.C. § 1441(a)). "Defendants seeking removal of an action must file a petition for removal with the district court within thirty days of plaintiff's service of the complaint upon defendants." Id.

(citing 28 U.S.C. § 1446(b)). "As with any removal from state court, [removal] begins with the filing of a notice 'containing a short and plain statement of the grounds for removal.'" Papp v. Fore-Kast Sales Co., 842 F.3d 805, 810-11 (3d Cir. 2016) (quoting 28 U.S.C. § 1446(a)).

"A plaintiff, in turn, may seek to remand the action back to state court under 28 U.S.C. § 1447(c) for '(1) lack of district court subject matter jurisdiction or (2) a defect in the removal procedure.'" King, 2015 U.S. Dist. LEXIS 102137, at *5 (quoting Ramos v. Quien, 631 F. Supp. 2d 601, 607 (E.D. Pa. 2008); citing Balazik v. Cnty. of Dauphin, 44 F.3d 209, 213 (3d Cir. 1995)). "Upon a motion to remand, the removing defendants bear the burden of proving the existence of federal jurisdiction, In re Processed Eggs Prods. Antitrust Litig., 836 F. Supp. 2d 290, 294 (E.D. Pa. 2011) (citing Dukes v. U.S. Healthcare, Inc., 57 F.3d 350, 359 (3d Cir. 1995)), as well as establishing that all pertinent procedural requirements for removal have been met." Id. at *5-6 (citing Shadie v. Aventis Pasteur, Inc., 254 F. Supp. 2d 509, 514 (M.D. Pa. 2003) (Vanaskie, J.[2])). "When a defendant removes a case based on diversity of citizenship . . . 'courts are permitted to look to materials outside of the pleadings, "includ[ing] documents appended to a notice

---

[2] Judge Vanaskie has since been elevated to the United States Court of Appeals for the Third Circuit.

of removal or a motion to remand that convey information essential to the court's jurisdictional analysis.'"'" <u>Gosch v. Int'l Chapter of Horseshoers and Equine Trades, Local 947</u>, 200 F. Supp. 3d 484, 491 (M.D. Pa. 2016) (Caldwell, J.) (alterations in original) (quoting <u>Schulman v. MyWebGrocer, Inc.</u>, 2015 U.S. Dist. LEXIS 68954, at *3 (E.D. N.Y. May 28, 2015)). "Moreover, it is well-settled that courts must 'construe removal statutes strictly with all doubts resolved in favor of remand.'" <u>King</u>, 2015 U.S. Dist. LEXIS 102137, at *6 (quoting <u>USX Corp. v. Adriatic Ins. Co.</u>, 345 F.3d 190, 205 n.12 (3d Cir. 2003); citing <u>Batoff v. State Farm Ins. Co.</u>, 977 F.2d 848, 851 (3d Cir. 1992); <u>Steel Valley Auth. v. Union Switch & Signal Div.</u>, 809 F.2d 1006, 1010 (3d Cir. 1987); <u>Corwin Jeep Sales & Serv. v. Am. Motors Sales Corp.</u>, 670 F. Supp. 591, 592 (M.D. Pa. 1986) (Rambo, J.)).

### III. **DISCUSSION**

First Gold Buyers removed this action claiming that the Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. §§ 1331 and 1332. (Doc. 1, p. 4). Plaintiffs argue, at least initially, that the Court lacks jurisdiction under both section 1331 and 1332. (Doc. 3, pp. 3-4). As discussed in more detail below, the Court need only address First Gold Buyers' assertion that the Court has jurisdiction under section 1332 because the analysis concerning that issue disposes

6

of Plaintiffs' motion to remand.

Pursuant to 28 U.S.C. § 1332, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). Thus, "[f]or a district court to have diversity jurisdiction, 'no plaintiff can be a citizen of the same state as any of the defendants.'" Yoder v. Morrow, 2016 U.S. App. LEXIS 22611, at *3 n.2 (3d Cir. Dec. 20, 2016) (quoting Grand Union Supermarkets of the V.I., Inc. v. H.E. Lockhart Mgmt., Inc., 316 F.3d 408, 410 (3d Cir. 2003)). Moreover, "[d]iversity of citizenship must have existed at the time the complaint was filed and at the time of removal and the burden is on the removing party to establish federal jurisdiction." Johnson v. SmithKline Beecham Corp., 724 F.3d 337, 346 (3d Cir. 2013) (internal citations omitted). "When a defendant removes a case based on diversity of citizenship, however, 'courts are permitted to look to materials outside the pleadings, "includ[ing] documents appended to a notice of removal or a motion to remand that convey information essential to the court's jurisdictional analysis."'" Gosch, 2016 U.S. Dist. LEXIS 102154, at *12 (quoting Schulman, 2015 U.S. Dist. LEXIS 68954, *3; citing Land v. Dollar, 330 U.S. 731, 735 n.4 (1947)).

"For purposes of determining citizenship, '[a] natural person is deemed to be a citizen of the place where he is domiciled.'" Austin v. Nugent, 2016 U.S. Dist. LEXIS 167087, at *6 (M.D. Pa. Dec. 5, 2016) (Mannion, J.) (alteration in original) (quoting Lincoln Benefit Life Co. v. AEI Life, LLC, 800 F.3d 99, 104 (3d Cir. 2015)). As for corporations, "[t]he federal diversity jurisdiction statute provides that 'a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.'" Hertz Corp. v. Friend, 559 U.S. 77, 80 (2010) (emphasis in original) (quoting 28 U.S.C. § 1332(c)(1)). The United States Supreme Court has established that a corporation's principal place of business is "the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." Id. at 80. In other words, a corporation's principal place of business is its "nerve center." Id. at 80-81, 92-93. "And in practice it should normally be the place where the corporation maintains its headquarters–provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center,' and not simply an office where the corporation holds its board hearings . . . ." Id. at 93.

Importantly, the parties do not dispute that the amount in controversy in this action exceeds $75,000.00. See (Doc. 1, pp. 3-4); (Doc. 1-2, pp. 29-30).

8

Therefore, to defeat the instant motion to remand by relying on diversity jurisdiction, First Gold Buyers must show that there is complete diversity among the parties. See 28 U.S.C. § 1332.

According to the pleadings, each Plaintiff is a citizen of Pennsylvania. In particular, Plaintiffs Louis Anthony Witchey and Dana Lee Witchey are natural persons who reside in Luzerne County, Pennsylvania. (Doc. 1, p. 2); (Doc. 1-2, p. 6); (Doc. 3, p. 2). Plaintiff Witchey Enterprises is a Pennsylvania corporation that is "organized, existing and operating in and pursuant to the laws of the Commonwealth of Pennsylvania." (Doc. 1-2, p. 6); see (Doc. 1, p. 3); (Doc. 3, p. 2). Plaintiff LDW "is a corporation organized, existing and operating in and pursuant to the laws of Pennsylvania." (Id.). First Gold Buyers states that Witchey Enterprises and LDW have their respective "principal place of business at 300 Susquehannock Drive, Wilkes-Barre, Pennsylvania 18702." (Doc. 1, p. 3).

As for First Gold Buyers, the pleadings, as well as subsequent filings, establish that it is a citizen of New York for diversity purposes. (Doc. 9, p. 3). Plaintiffs allege in their complaint that First Gold Buyers is "a corporate entity, doing business in the Commonwealth of Pennsylvania and maintains a business address of 161 Kings Highway, 3rd Floor, Brooklyn, New York, 11223." (Doc. 1-2, p. 7). This allegation is reflected in First Gold Buyers' notice of removal, where

it states, inter alia, that it is "a New York Corporation, with its principal place of business at 161 Kings Highway, 3rd Floor, Brooklyn, New York 11223." (Doc. 1, p. 3).

Additionally, in support of its contention that its principal place of business is in New York, First Gold Buyers submitted a declaration made under the penalty of perjury by Edmunds Vilhelmsons, who was President of First Gold Buyers "from the date of its incorporation through September 30, 2016, and ha[s] served as its Vice President since October 1, 2016." (Doc. 9-1). Vilhelmsons declares that on September 6, 2007, First Gold Buyers "was incorporated under the laws of the State of New York." (Id. at p. 1). Further, according to Vilhelmsons, First Gold Buyers "previously had its principal place of business in Staten Island, New York, but changed its principal place of business to Brooklyn, Kings County, New York on August 20, 2015." (Id. at p. 2). Vilhelmsons also declares that while First Gold Buyers "has done business under the assumed named of 'Signature Funding' since obtaining a Certificate of Assumed Name from the State of New York in February 2014," it has done business under that assumed name only in "Richmond County, New York" and "Kings County," New York. (Id.). "Accordingly," Vilhelmsons concludes, First Gold Buyers "has continuously done business under the assumed name of 'Signature Funding' since February 2014."

10

(Doc. 9-1, p. 2).

Notably, Plaintiffs initially sought a remand, at least in part, on the ground that the parties are not diverse. (Doc. 3, pp. 3, 5-6). Specifically, in support of this claim Plaintiffs assert that "Defendant, Signature Funding, LLC, registered to transact business in the Commonwealth of Pennsylvania, maintaining an office located at 376 Fairfax Road, Drexel Hill, Pennsylvania" and is "regularly conducting business in Luzerne County." (Id. at p. 5). However, subsequent to First Gold Buyers' response to Plaintiffs' motion to remand, (Doc. 9), Plaintiffs appear to have abandoned this position.

In particular, Plaintiffs state in their reply that they "accept as true the representations made to the Court by the Defendant" in the supporting affidavits filed along with First Gold Buyers' brief in opposition. (Doc. 10, p. 2). Specifically, as part of the support filed along with First Gold Buyers' brief in opposition, First Gold Buyers submitted the above-discussed declaration of Vilhelmsons. (Id. at p. 3). Among other topics, Vilhelmsons addresses Plaintiffs' claim that First Gold Buyers is "Signature Funding, LLC," a Pennsylvania Limited Liability Company, in his sworn declaration. (Doc. 9-1); (Doc. 10, p. 3). According to Vilhelmsons, "Signature Funding, LLC" "has nothing whatsoever to do with Defendant, First Gold Buyers, Inc. d/b/a Signature Funding, or with this

11

lawsuit." (Doc. 9-1, p. 3). Vilhelmsons continues by noting that the documents relevant to Plaintiffs' complaint, namely the Merchant Agreement between First Gold Buyers and Witchey Enterprises, Durable Powers of Attorney, Security Agreement and Guaranty, and Addendum, "were between and among Plaintiffs and First Gold Buyers, Inc., d/b/a Signature Funding." (Id. at p. 4). According to Vilhelmsons, "[t]he Pennsylvania limited liability company identified by Plaintiffs in connection with their request for remand was not a party to those Merchant Agreements, Durable Powers of Attorney, Security Agreements and Guarantees, or Addenda and is completely unrelated to Defendant, First Gold Buyers, Inc., d/b/a Signature Funding." (Id. at p. 5). Further, Vilhelmsons declares that First Gold Buyers "has always had its principal place of business in New York and has never had a place of business in Pennsylvania." (Id. at p. 3).

Based on First Gold Buyers' unchallenged declaration and the supporting documents submitted in support of their diversity jurisdiction claim, (Docs. 9, 9-1); see (Doc. 10, p. 2), it is determined that First Gold Buyers is a citizen of New York and Plaintiffs are citizens of Pennsylvania for purposes of diversity jurisdiction. Therefore, considering that no Plaintiff is a citizen of the same state as First Gold Buyers, and the amount in controversy exceeds $75,000.00, the Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

Finally, while Plaintiffs appear to no longer argue that the parties lack complete diversity, see (Doc. 10, p. 2), the Court notes Plaintiffs contend in their reply that "an issue still remains as to whether the matter should be permitted to be removed to federal court." (Id. at pp. 2-3). Specifically, Plaintiffs state that the action:

> involves numerous Pennsylvania State questions of law, including the ability of the Defendant . . . to do business and sell commercial loans in Pennsylvania when it is not registered to do so in the Commonwealth and when the name "Signature Funding" was appropriated for the sole use of another "completely unrelated entity."

(Id. at p. 3). Plaintiffs advance that "[o]nly foreign entities that register to do business in Pennsylvania may use the Commonwealth's Court system." (Id.) (citing 15 PA. STAT. ANN. § 2852-1004; 41 PA. CON. STAT. ANN. § 5301(a)(2)(i)).

Plaintiffs argue, "Pennsylvania Courts must determine whether the Defendant's claims against the Plaintiffs are defective in that it fails to allege that First Gold Buyers, Inc. d/b/a Signature Funding is legally authorized or registered to do business in the Commonwealth of Pennsylvania." (Id. at p. 4). This question, Plaintiffs contend, "should be left to the State Courts to determine, not the Federal Court system." (Id.). "In this case," Plaintiffs claim, they "intend[] to deny liability on the ground that the Defendant lacks legal capacity to maintain a

13

lawsuit in Pennsylvania because it is 'doing business' in Pennsylvania without a 'certificate of authority.'" (Doc. 10, p. 4).

According to Plaintiffs, the "Pennsylvania Superior Court addressed this very argument in" Drake Manufacturing Company, Inc. v. Polyflow, Inc., 109 A.3d 250 (Pa. Super. Ct. 2015). (Doc. 10, pp. 4-5). Plaintiffs contend that the Pennsylvania Superior Court "made clear" in Drake Manufacturing that "foreign corporations that are 'doing business' in Pennsylvania must be registered with the Department of State to obtain relief in a Pennsylvania court and the failure to register can operate as a complete bar to recovery." (Id. at p. 3). Plaintiffs continue by claiming that "[a] 'foreign corporation that "does business" in Pennsylvania . . . must obtain a certificate in order to prosecute a lawsuit in this Commonwealth, regardless of whether the lawsuit itself concerns in-state conduct or out-of-state conduct.'" (Id. at pp. 3-4) (quoting Drake Mfg., 109 A.3d at 261). "The failure to register can operate as a complete bar to recovery." (Id. at p. 5).

While Plaintiffs continue by contending that First Gold Buyers satisfy the now repealed 15 PA. CON. STAT. § 4141,[3] (Id. at pp. 6-7), they also note that "[o]n July 1, 2015, Pennsylvania established a new registration regime for foreign

---

[3] 15 PA. CONS. STAT. § 4141 was repealed by 2014, Oct. 22, P.L. 2640, No. 172, § 29, effective July 1, 2015.

14

businesses to take effect." (Doc. 10, p. 7). According to Plaintiffs, "[u]nder the new requirements . . . foreign businesses that are 'doing business' in Pennsylvania without proper authorization will still be without legal capacity to sue in Pennsylvania." (Id.) (citing 15 PA. CON. STAT. § 401, et seq.). "In the instant case," Plaintiffs argue, "the Defendant foreign business was required under Pennsylvania Sate law to ensure that it was properly registered, before seeking recovery in Pennsylvania." (Id.). According to Plaintiffs:

> Although the Third Circuit has limited the application of Pennsylvania's registration requirement in actions governed by the [Federal Arbitration Act], the lack of a proper registration can still preclude a foreign business from obtaining a recovery in Pennsylvania. Accordingly, the Defendant foreign businesses operating in Pennsylvania were required to obtain proper registration.

(Id. at p. 8). Plaintiffs continue by claiming that the "Pennsylvania State Court system is the proper forum in which to litigate the issues concerning the Defendant's doing business in the Commonwealth of Pennsylvania without following the registration requirement and obtaining a certificate of authority." (Id.).

To the extent that Plaintiffs rely on Drake Manufacturing in support of its motion to remand, that argument is without merit. The Pennsylvania Superior Court found, inter alia, in Drake Manufacturing that "that Drake needed a

15

certificate of authority to sue Polyflow in Pennsylvania for Polyflow's failure to pay for out-of-state shipments in California, Canada and Holland." Drake Mfg., 109 A.3d at 261. The Superior Court continued by stating that "[a] foreign corporation that 'does business' in Pennsylvania within the meaning of section 4122 must obtain a certificate in order to prosecute a lawsuit in this Commonwealth, regardless of whether the lawsuit itself concerns in-state conduct or out-of-state conduct." Id. Thus, the Superior Court held, since Drake "failed to submit a certificate of authority into evidence prior to the verdict in violation of 15 Pa.C.S. § 4121(a)," "the trial court should not have permitted Drake to prosecute its action." Id. at 260 (citing 15 PA. CON. STAT. § 4141(a)).

Here, as stated in its surreply, First Gold Buyers "has asserted no claims whatsoever against Plaintiffs." (Doc. 11-1, p. 3). "[I]nstead, it is Plaintiffs who initiated the lawsuit asserting twenty-eight purported claims against Defendant, which has filed a Motion to Dismiss or in the Alternative, for Transfer of Venue." (Id. at pp. 3-4) (citing Doc. 2).[4] Thus, to the extent that Plaintiffs' rely on Drake

---

[4] First Gold Buyers also note in their surreply that "[r]ather than availing itself of the Pennsylvania courts, [it] has instead moved, in the alternative, for transfer of venue to New York pursuant to the agreement of the parties at Section 4.5 of each of the Merchant Agreements between Signature and the corporate Plaintiffs, which were incorporated in and made a part of each of Security Agreement and Guaranty executed by the individual Plaintiffs." (Doc. 11, p. 4) (citing (Doc. 2, pp. 13-14); (Doc. 2-1); (Doc. 2-2); (Doc. 5, pp. 20-21)).

Manufacturing in support of their argument that this action should be remanded to state court, Plaintiffs' motion will be denied.

To the extent that Plaintiffs rely on Pennsylvania's "new registration regime for foreign businesses" in support of their request for remand, (Doc. 10, pp. 7-8) (citing 15 PA. CON. STAT. § 401, et seq.), that argument also fails. Specifically, section 401(b) states that "[a] foreign filing association or foreign limited liability partnership doing business in this Commonwealth may not maintain an action or proceeding in this Commonwealth unless it is registered to do business in under this chapter." 15 PA. CON. STAT. § 401(b). However, as noted above, First Gold Buyers has shown that it has not asserted any claims against Plaintiffs in this action. (Doc. 11, p. 3). Therefore, First Gold Buyers has overcome Plaintiffs' reliance on 15 PA. CON. STAT. § 401(b) in their attempt to remand this action back to state court. As a result, this ground advanced in favor of remand will be rejected, as well.

## IV. CONCLUSION

Based on the foregoing, Plaintiffs' motion to remand lacks merit because the Court has diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332.[5]

---

[5] Since jurisdiction lies under section 1332, the Court need not address whether the Court has jurisdiction over this case under 28 U.S.C. § 1331. See Freedman v. Redstone, 753 F.3d 416, 423 n.2 (3d Cir. 2014); Jubelt v. United

Therefore, Plaintiffs' motion to remand, (Doc. 3), will be denied.  As a result, the stay of the briefing deadlines concerning First Gold Buyers' motion to dismiss pending disposition of Plaintiffs' motion to remand, (Doc. 8), will be lifted.  Thus, the Court will direct the parties to file any remaining briefs concerning First Gold Buyers' pending motion to dismiss, (Docs. 2, 5), by deadlines set in a separate Order.

      A separate Order will be issued.

Date: May 1, 2017                                          /s/ William J. Nealon
                                                                         **United States District Judge**

---

Mortg. Bankers, Ltd., 2015 U.S. Dist. LEXIS 23828, at *8 (D.N.J. Feb. 7, 2014), adopted by, 2014 U.S. Dist. LEXIS 24516 (D.N.J. Feb. 25, 2014).