**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **LOUIS ANTHONY WITCHEY,** | : | |
| **DANA LEE WITCHEY,** | : | |
| **WITCHEY** | : | |
| **ENTERPRISES, INC., and** | : | **CIVIL ACTION NO. 3:16-2312** |
| **LDW CORP.** | : | **(MANNION, D.J.)** |
| | : | |
| **Plaintiffs** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **FIRST GOLD BUYERS, INC.** | : | |
| **d/b/a SIGNATURE FUNDING** | : | |
| | : | |
| **Defendant** | : | |

## <u>MEMORANDUM</u>

Presently before the Court is the plaintiffs' motion to remand this action to the state court from which it was removed. Finding that the Court has federal subject matter jurisdiction over this action, the plaintiffs' motion to remand to state court is **DENIED**.


## I.     BACKGROUND

The individual plaintiffs in this case, Louis Anthony Witchey and Dana Lee Witchey, together are one-hundred percent shareholders of two corporate entities, Witchey Enterprises, Inc. and LDW Corp., both of which are also named as plaintiffs. (Doc. 1, Exh. B). The individual plaintiffs are

Pennsylvania residents, and their two closely-held corporations are organized under Pennsylvania law and maintain their principal places of business in Pennsylvania. (*Id.*). Acting solely in their capacities as authorized agents of their corporations, the plaintiffs executed a series of commercial transactions, including sales agreements, guaranty agreements, security agreements, and other contractual obligations (collectively, "the agreements at issue"), with the named defendant in this case, First Gold Buyers, Inc., which is a New York corporation with its principal place of business in the state of New York. (*Id.*; Doc. 9).

On October 13, 2016, the plaintiffs filed the present action in the Court of Common Pleas of Luzerne County, Pennsylvania, alleging wide-ranging violations of both federal and state law. (Doc. 1, Exh. B). The federal causes of action presented in the plaintiffs' complaint include claims arising under the federal Consumer Credit Protection Act, 15 U.S.C. §1601, et seq., the federal Truth in Lending Act, 12 U.S.C. §2601, et seq., Title 12 of the Code of Federal Regulations ("Regulation Z"), 12 C.F.R. §226, et seq., and the federal Real Estate Settlement Procedures Act, 12 U.S.C. §2610, et seq. The plaintiffs also make several claims arising under state law, such as Pennsylvania's Unfair Trade Practices and Consumer

Protection Law, 73 P.S. §§201-1–201-9.3, as well as common law claims for breach of contract and fraud.

On November 7, 2016, the defendant removed this action to the United States District Court for the Middle District of Pennsylvania, alleging federal subject matter jurisdiction based on both the parties' diverse states of citizenship and the presence of federal questions of law in the plaintiffs' complaint. (Doc. 1, Exh. B). On December 6, 2016, the plaintiffs filed the instant motion to remand (Doc. 3); the plaintiffs' supporting brief (Doc. 6) followed on December 20, 2016. The defendant filed a brief in opposition to the plaintiffs' motion to remand on January 3, 2017 (Doc. 9), and the plaintiffs filed a reply to the defendant's brief in opposition on January 16, 2017 (Doc. 10). The Court then granted the defendant's request for leave to file a sur reply to the plaintiffs' reply brief; the defendant's sur reply (Doc. 14) was thereafter filed on January 31, 2017. The motion to remand this matter to state court has been fully briefed and is now ripe for disposition. For the following reasons, the Court will deny the plaintiffs' motion.

## II.    DISCUSSION

This case presents no basis for remand to the state court in which it was filed because the federal court has subject matter jurisdiction over the

case based on both federal question and diversity of citizenship jurisdiction. "[A]ny civil action brought in a state court of which the district courts of the United States have original jurisdiction may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. §1441. "If it appears at any time that the district court lacks subject matter jurisdiction, the case shall be remanded." *Id.* §1447(c). If, however, the federal district court does possess subject matter jurisdiction, the case cannot be remanded.

## A. Federal Question Jurisdiction

The federal district courts have original jurisdiction over any federal claim arising under the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. §1331. Whether a claim arises under federal law for purposes of federal question jurisdiction is governed by the "well pleaded complaint rule," providing that federal jurisdiction exists only where a federal question is presented on the face of a plaintiff's properly pleaded complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). This paradigm holds true regardless of the number of state law claims that are also presented in a plaintiff's complaint and regardless of the complaint's relative proportions of federal claims to state claims.

The plaintiffs' argument that the presence of particular state law claims in the complaint somehow avoids federal question jurisdiction is therefore without merit. Even a single question of federal law presented in the plaintiff's complaint would be sufficient for the federal district court to retain federal subject matter jurisdiction over the instant action. Here, the plaintiffs have asserted at least twenty separate claims based on federal statutory law; the presence of any one of those claims is enough to preclude this case's remand to state court.

Since the well pleaded complaint rule makes the plaintiff the master of the complaint, a plaintiff may choose to have the case heard in state court simply by avoiding claims based on federal law. *See *_id._ at 388. Relatedly, a claim's ultimate success or chances of success on the merits is irrelevant to this inquiry. If a plaintiff makes a claim based on an act of Congress, then jurisdiction in the federal courts exists whether or not the claim is ultimately held to be valid. *See *_Louisville & N. R. Co. v. Rice_, 247 U.S. 201, 202 (1918).

The plaintiffs here relied heavily on federal law in establishing their allegations against the defendant, so jurisdiction in the federal district court is appropriate. Accordingly, the action cannot be remanded to the state court from which it originated.

**B. Diversity of Citizenship Jurisdiction**

The federal district courts have original jurisdiction over all civil actions in which the matter in controversy exceeds $75,000 . . . and is between . . . citizens of different states. *See* 28 U.S.C. §1332(a). A defendant may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants and if no defendant is a citizen of the forum state. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005). As a preliminary matter, the plaintiffs' complaint alleges harms totaling well in excess of $75,000, so the amount in controversy requirement is satisfied.

For individual parties, one's place of citizenship is synonymous with his or her place of domicile. *See Vlandis v. Kline*, 412 U.S. 441, 454 (1973). For corporations, citizenship is determined with regard to both the entity's state of incorporation and its principal place of business where corporate officers direct, control, and coordinate the corporation's activities. *See Hertz Corp. v. Friend*, 559 U.S. 77, 78 (2010). In the instant action, it is undisputed that the individual plaintiffs, Louis and Dana Witchey, reside and are domiciled in Pennsylvania and that the corporate plaintiffs, Witchey Enterprises, Inc. and LDW Corp., are organized under Pennsylvania law and operate exclusively out of Pennsylvania. (Doc. 1, Exh. B). All plaintiffs

are thus exclusively citizens of Pennsylvania. The defendant named in the complaint, First Gold Buyers, Inc., is indisputably a corporation organized under the laws of New York and maintaining its principal place of business in New York. (Doc. 9, Exh. A).

While the plaintiffs later in their motion to remand point to the citizenship of another business entity, Signature Funding, LLC, in an attempt to argue that the parties are not of diverse citizenship, this argument is without merit. (Doc. 6). The question of whether diversity of citizenship exists is determined at the time when the complaint is filed. *S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd.*, 181 F.3d 410, 414 n.2 (3d Cir. 1999) (citing *Smith v. Sperling*, 354 U.S. 91, 93 n.1 (1957)). As such, the only parties whose states of citizenship are relevant to determining whether the federal court has subject matter jurisdiction based on diversity of citizenship are those parties named in the plaintiffs' complaint.

Here, the named parties are of diverse citizenship, as the named defendant is a citizen of a state that is different from that of the named plaintiffs, and the amount in controversy exceeds $75,000. (Doc. 1, Exh. A). Accordingly, jurisdiction in this Court is proper, and the action cannot be remanded to state court.

## III.     CONCLUSION

For the reasons outlined above, the plaintiffs' motion to remand this action to state court will be **DENIED**. An appropriate order shall follow.


s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**



**Date: September 28, 2017**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2016 MEMORANDA\16-2312-01.docx