# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LOUIS ANTHONY WITCHEY, DANA LEE WITCHEY, WITCHEY ENTERPRISES, INC., and LDW CORP. | : <br> : <br> : <br> : CIVIL ACTION NO. 3:16-2312 <br> : (MANNION, D.J.) |
| Plaintiffs | : |
| v. | : |
| FIRST GOLD BUYERS, INC. d/b/a SIGNATURE FUNDING | : <br> : |
| Defendant | : |

## **MEMORANDUM**

Presently before the Court is the defendant's motion to dismiss or, in the alternative, for transfer of venue. Based upon the Court's review of the defendant's motion and related materials, the defendant's motion is **GRANTED** to the extent that the defendants request transfer to the United States District Court for the Eastern District of New York.

## I. BACKGROUND

The individual plaintiffs in this case, Louis Anthony Witchey and Dana Lee Witchey, together are one-hundred percent shareholders of two corporate entities, Witchey Enterprises, Inc. and LDW Corp., both of which

are also named as plaintiffs. (Doc. 1, Exh. A). The individual plaintiffs are Pennsylvania residents, and their two closely-held corporations are organized under Pennsylvania law and maintain their principal places of business in Pennsylvania. (*Id.*). Acting solely in their capacities as authorized agents of their corporations, the plaintiffs executed a series of commercial transactions, including sales agreements, guaranty agreements, security agreements, and other contractual obligations (collectively, "the agreements at issue"), with the named defendant in this case, First Gold Buyers, Inc., which is a New York corporation with its principal place of business in the state of New York. (*Id.*; Doc. 9).

As part of the agreements at issue, the parties included forum selection clauses providing in relevant part that "[a]ny suit, action or proceeding arising hereunder, or the interpretation, performance or breach hereof, shall . . . be instituted in any court sitting in NEW YORK (the 'Acceptable Forums'). Merchant agrees that the Acceptable Forums are convenient to it, and submits to the jurisdiction of the Acceptable Forums and waives any and all objections to jurisdiction or venue. Should such proceeding be initiated in any other forum, Merchant waives any right to oppose any motion . . . to transfer such proceeding to an Acceptable Forum." (Doc. 2, Exh. A-B). The agreed-upon forum selection clauses were

incorporated into and made applicable to all of the agreements at issue in this litigation.

On November 23, 2016, the defendant filed a motion to dismiss or, in the alternative, for a transfer of venue to the United States District Court for the Eastern District of New York (Doc. 2); the accompanying brief in support of the defendant's motion (Doc. 5) was filed on December 7, 2016. The plaintiffs filed a brief in opposition to the defendant's motion (Doc. 20) on May 15, 2017. Thereafter, on May 24, 2017, the defendant filed a reply brief (Doc. 21). The pending motion has been fully briefed and is now ripe for disposition. For the following reasons, the Court will grant the defendant's motion to the extent that it requests a transfer of venue.

## II. DISCUSSION

[28 U.S.C. §1404(a)](#) provides that "in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." The defendant here argues that the instant action should be transferred to the Eastern District of New York based upon the parties' prior written agreement. Courts generally honor forum selection clauses of this nature, "unless enforcement is shown by the resisting party to be

unreasonable under the circumstances." *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972). The party objecting to the enforcement of a forum selection clause can establish unreasonableness by making a "strong showing" that (1) the forum selection clause is the result of fraud or overreaching, (2) enforcement of the forum selection clause would violate a strong public policy of the forum, or (3) enforcement of the forum selection clause would result in litigation in a jurisdiction so seriously inconvenient as to be unreasonable. *See Coastal Steel Corp. v. Tilghman Wheelabrator, Ltd.*, 709 F.2d 190, 202 (3d Cir. 1983) (citing *id.* at 10-11), *rev'd on other grounds by Lauro Lines v. Chasser*, 490 U.S. 495, 109 (1989). Unless the objecting party demonstrates a strong showing of one of these conditions, however, the forum selection clause is presumptively valid and should be enforced. *See The Bremen*, 407 U.S. at 10.

While a forum selection clause may be set aside upon a showing of fraud, this does not mean that any time a contractual dispute is based upon an allegation of fraud, as in this case, the clause is unenforceable. *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 519 n.14 (1974). Rather, a forum selection clause is unenforceable due to fraud only if that clause's inclusion in the contract was itself the product of fraud or coercion. *See id.* The plaintiffs here make no such allegation pertaining specifically to the forum

selection clause itself. There is no contention that the forum selection provisions in particular were not properly negotiated or that the defendant fraudulently obtained the plaintiffs' assent to the forum selection provisions. To the contrary, the plaintiffs rely heavily on general allegations of fraud that are equally applicable to all of the agreements at issue in their entirety. (Doc. 2; Doc. 20). The plaintiffs' contention that the forum selection provision should not be enforced simply because their lawsuit is premised on allegations of fraud therefore falls well short of the requisite "strong showing." (Doc. 20). The Supreme Court has suggested that any allegations of fraud regarding the principal contract could still be evaluated by the contractually selected tribunal. *See Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 519 n.14 (1974); *Knopick v. UBS AG*, 137 F. Supp. 3d 728, 734 (M.D. Pa. 2015).

A party seeking to avoid a forum selection clause may also do so upon a strong showing that "enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision." *The Bremen*, 407 U.S. at 15. This test applies to the forum selection clause itself, so any showing that the underlying contract would contravene a forum's public policy does not suffice to avoid triggering the forum selection clause's operation. *See id.*; *Knopick*, 137 F.

Supp. 3d at 735. The plaintiffs here have not advanced any argument to support a showing that the forum selection clause at issue violates a Pennsylvania public policy. The plaintiffs therefore cannot avoid the forum selection clause on these grounds.

Courts have also suggested that a forum selection clause may be unreasonable, and thus unenforceable, if the selected forum would be "seriously inconvenient" for the action's trial. *The Bremen*, 407 U.S. at 16. The plaintiffs here have advanced no arguments to support that litigation in the Eastern District of New York would be unreasonably inconvenient. This case does not deal with an agreement to resolve an essentially local dispute in some remote alien forum. Instead, the instant action arises between citizens of Pennsylvania and a citizen of New York, and the forum selection clauses provide that any disputes must be litigated in New York. (Doc. 1, Exh. B; Doc. 2, Exh. A; Doc. 2, Exh. B). The chosen forum is not unreasonably inconvenient, and the plaintiffs have not made a strong showing to the contrary.

While courts normally defer to plaintiffs' choice of forum, such deference is inappropriate where the plaintiffs have already freely chosen an appropriate venue via contract. *See Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 880 (1995). The plaintiffs here have made no showing, and

certainly not the required "strong showing," that any of the accepted avenues for nullifying the effect of a forum selection clause is present in this case. *See* [*The Bremen*, 407 U.S. at 15](). The validity of the underlying contracts, along with any potential breach of those contracts, are questions more properly addressed by the court that the parties themselves chose to settle their disputes.

### III. CONCLUSION

For the reasons outlined above, the defendant's motion to dismiss or, in the alternative, for transfer of venue is **GRANTED** to the extent that the defendants request transfer to the United States District Court for the Eastern District of New York. All other pending motions, including the plaintiffs' pending motion for a preliminary injunction, should be decided by the proper forum, which is, in this case, the Eastern District of New York.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: September 28, 2017**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2016 MEMORANDA\16-2312-02.docx