UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
LOUIS ANTHONY WITCHEY,
DANA LEE WITCHEY, WITCHEY
ENTERPRISES, INC., and LDW, INC.,

            Plaintiff,

- against -

FIRST GOLD BUYERS, INC., d/b/a
SIGNATURE FUNDING,

            Defendant.
------------------------------------------------------------x

MEMORANDUM AND ORDER
17-CV-05746

GLASSER, Senior United States District Judge:

Plaintiffs Louis Anthony Witchey, Dana Lee Witchey, Witchey Enterprises, Inc., and LDW, Inc. ("Plaintiffs" or "Witchey") brought 28 separate causes of action in Pennsylvania state court against Defendant First Gold Buyers, Inc. d/b/a Signature Funding ("Defendant" or "Signature") alleging breach of contract, unjust enrichment, fraud, and violations of the Pennsylvania Unfair Trade Practices Act, Real Estate Settlement Procedures Act ("RESPA"), and Truth in Lending Act. After the case was removed to federal court, Defendant moved to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, or in the alternative, to transfer venue to this Court pursuant to the parties' agreement in the operative contracts. The Middle District of Pennsylvania granted the alternative and Defendant's motion to dismiss is now pending before this Court. For the reasons explained below, Defendant's motion is **GRANTED.**

## BACKGROUND

The relevant factual background is unclear from the Complaint or the parties' motion papers. Plaintiffs either reside or are incorporated in Pennsylvania and Defendant does business

1

in Pennsylvania but maintains an address in Brooklyn, New York. It appears that Plaintiffs and Defendant executed certain notes, Personal Guarantees, Security Agreements, and Powers of Attorney (the "Agreements") for Defendant's purchase of future receivables from Plaintiffs, but Plaintiffs claim they did not sign or receive certain documents or disclosures that were part of those Agreements. (ECF No. 15-2 ("Compl.") ¶¶ 5-13).

## LEGAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. In deciding a Rule 12(b)(6) motion, the Court must accept the non-moving party's factual allegations as true and draw all reasonable inferences in its favor. *ATSI Commc'ns*, 493 F.3d at 98. But the Court may consider, in addition to the facts stated in the complaint, "any written instrument attached to the complaint," as well as "documents possessed by or known to the plaintiff and upon which it relied in bringing the suit." *Id.*

## DISCUSSION

### I. Plaintiffs' Breach of Contract, Unjust Enrichment, and Fraud Claims

Plaintiffs allege in their first five causes of action that Defendant breached the Agreements with Plaintiffs, Defendant has been unjustly enriched, and the "actions of the Defendant set forth above were fraudulent." (Compl. ¶¶ 15-36). Plaintiffs' conclusory allegations fail to state a

plausible claim for relief and fail to meet the heightened pleading requirements for fraud claims under Rule 9(b) of the Federal Rules of Civil Procedure. Plaintiffs allege the following:

> On or about September 1, 2005, the Plaintiffs and Defendant purported to execute a contract, Notes, Personal Guarantees, Security Agreements and Powers of Attorney. The said purported contract, Notes, Personal Guarantees, Security Agreements and Powers of Attorney were never consummated by signing all documents therein.
>
> Either before, during and/or after the settlement, the Defendant failed and/or refused to provide the individual Defendants with copies of important documents, which would explain their consumer rights, as well as other rights, including but not limited to, the right to cancel the contract and the Federal Truth in Lending Disclosures.
>
> The Defendant also intentionally failed and/or refused to provide the individual Plaintiffs with various disclosures that would indicate to individual Plaintiffs that the contract entered into was void and illegal. For instance, Defendant failed to disclose that the loan obtained had an interest rate higher than stated and in the preliminary disclosures, which preliminary disclosures were never given.
>
> The Defendant and/or settlement officer did not furnish the individual Plaintiffs with copies of numerous important settlement documents, at any time in the loans history.
>
> The Defendant caused to be filed into the records of the State of New York a Summons with no documents purported to be executed by the Plaintiffs.
>
> The Defendant never during the duration of the entire purported loans history delivered upon the Plaintiffs a Notice of Default and Right to cure, with the entire accounting to show where the amounts owed were derived from.
>
> Plaintiff [sic] never during the duration of the entire purported loans history delivered upon the Plaintiffs an acceleration statement, accelerating the purported loan.
>
> The Defendant herein and at all times relevant thereto, was under legal obligation as a fiduciary and had the responsibility of overseeing the purported loan consummation and make sure that the individual Plaintiffs received all mandated documentation, before and after the purported transaction.

(Compl. ¶¶ 7-14). As an initial matter, the Court is confused as to whether the Agreements constitute loans or if they are for "Defendant's purchase of future receivables from Plaintiffs," as

both parties state in their motion papers. Even assuming, for arguments sake, that the Agreements do constitute a loan from Defendant to Plaintiffs, Plaintiffs do not allege which "important documents" or "important settlement documents" were unsigned or not provided, how they know the interest rate conflicted with the rate in the preliminary disclosures if the disclosures were never provided, which documents were supposed to accompany a summons that was apparently filed in state court, whether there was even a default or an acceleration of the loan payments here, and which actions constitute fraud. The Court is not aware of what events occurred that led Plaintiffs to bring this action in the first place. Accordingly, claims I through V of the Complaint are dismissed without prejudice and Plaintiffs may amend their Complaint pursuant to the liberal spirit of Rule 15(a).[1] *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 191 (2d Cir. 2015).

## II. Plaintiffs' Claim for Injunctive Relief

Plaintiffs' seek an injunction to enjoin Defendant "from collection activities, the entry of any confessed judgment or the attempt to use any Power of Attorney allegedly granted by the Individual Plaintiffs to the Defendant." (Compl. ¶ 135). Count XXIX of the Complaint is dismissed for the reasons discussed above and because Plaintiffs cannot show "(1) irreparable harm absent the injunctive relief and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief." *Jackson Dairy, Inc. v. H. P. Hood & Sons, Inc.*, 596 F.2d 70, 72 (2d Cir. 1979).

---

[1] Plaintiffs voluntarily dismiss their Implied Covenant of Good Faith claim because it is not recognized as a separate cause of action under Pennsylvania law. Plaintiffs' request to replead this claim as part of their breach of contract claim is granted.

### III. Plaintiffs' Unfair Trade Practices, Truth in Lending, and RESPA Claims

Plaintiffs admit that the Agreements between them and Defendant are "commercial transactions" and that the Pennsylvania Unfair Trade Practices, Truth in Lending, and RESPA statutes do not apply to those transactions or to the corporate Plaintiffs. However, Plaintiffs argue that those statutes do apply to the individual Plaintiffs because they are guarantors of the Agreements. There is no authority supporting that argument. Accordingly, claims VI through XXVIII are dismissed with prejudice as to all Plaintiffs.

### CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss is **GRANTED**.

SO ORDERED.

Dated:    Brooklyn, New York
November 13, 2018

/s/
I. Leo Glasser    U.S.D.J.